KENTUCKY BAR ASSOCIATION,
Complainant,

v.

James BATES, Respondent.

No. 2000–SC–0600–KB.

Supreme Court of Kentucky.

Sept. 28, 2000.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA), as a result of charges initiated against Respondent, James Bates, whose last known address is Box 2622, Dry Creek Road, Topmost, Kentucky, has recommended that a public reprimand be issued based on his violation of SCR 3.130–1.12(a). This Court adopts the recommendation of the Board of Governors.

On September 2, 1999, Bates filed a Petition for Dissolution of Marriage on behalf of his client, James W. Knopp, Sr., in Knott Circuit Court. Five days later, Mr. Knopp filed a Domestic Violence Petition against his wife in the Knott District Court. The petition requested an Emergency Protective Order (EPO) against Shena Knopp based on the presence of an immediate and present danger of domestic violence and abuse. Bates acted in his capacity as Trial Commissioner in Knott District Court and signed the EPO in favor of Mr. Knopp. Bates contends that there was no other available judge and he felt compelled to sign the order to protect Mr. Knopp. The following day, District Court Judge Jacobs signed a separate EPO granting temporary custody of the children to Mr. Knopp.

The KBA charged Bates with two counts of professional misconduct. Count I alleges a violation of SCR 3.130–1.12(a), which provides that:

> a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudica-

tive officer, arbitrator or law clerk to such a person, unless all parties to the proceeding consent after disclosure.

The KBA asserts that Bates violated this rule of professional conduct when he signed the EPO on behalf and by petition of his own divorce client. The Board of Governors voted 15–0, with one abstention, to find Bates guilty under Count I and a majority of the governors voted to recommend a public reprimand. We agree with the recommendation by the Board of Governors. Under Canon 9 of the Code of Professional Responsibility, a lawyer should avoid even the appearance of impropriety. *See* Opinion KBA E–180. As both an adjudicative officer and counsel to Mr. Knopp, Bates' decision to sign the order gave the appearance of an unfair advantage before the court. Therefore, his violation of SCR 3.130–1.12(a) must be addressed through a public reprimand.

■ Count II alleges a violation of SCR 3.130–1.7(b) which provides, in relevant part, as follows:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation. . . .

The question is whether this rule was violated when Bates continued to represent Mr. Knopp in his divorce case after Bates had signed the EPO. As to Count II, the Board of Governors voted 15–0, with one abstention, to find Bates not guilty. The Board believed that no impropriety was in fact created and his continued representation of the client was not in fact limited by his responsibilities to any third person. We agree with this conclusion. Any possibility of future impropriety was canceled the following day when the District Court

Judge signed an EPO and separately addressed the custody of the children.

Having reviewed the record, we conclude that the evidence supports the recommendation of the Board of Governors. Therefore, it is ordered that:

1. James Bates is publicly reprimanded for his professional misconduct in violation of SCR 3.130–1.12(a) as set forth hereinabove.

2. In accordance with SCR 3.450 and SCR 3.480(3), James Bates is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $170.95, and for which execution may issue from this Court upon finality of this opinion and order.

All concur.

Entered: September 28, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE